# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

02 DEC -2 PM 2: 02

PROGRESSIVE INDUSTRIES, INC.,    )

        )

    Plaintiff,       )

        )

v.        )    Civil Action No.: 01-PT-0926-E

        )

BRADLEY PULVERIZER COMPANY,    )

        )

    Defendant.      )

DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**

DEC - 2 2002

## MEMORANDUM OPINION

This cause comes on to be heard upon Plaintiff Progressive Industries, Inc.'s ("Progressive") Motion for Leave to Amend Complaint, filed on October 16, 2002.

### FACTS AND PROCEDURAL HISTORY

Progressive filed its original complaint against Defendant Bradley Pulverizer ("Bradley") on April 16, 2001. The complaint has been amended twice before. The First Amended Complaint was filed on April 18, 2001, adding a jury demand and several additional allegations. *See* Def. Ex. 2. On May 21, 2001, the court entered a scheduling order, part of which set a deadline for amending the pleadings. *See* Def. Ex. 1. That deadline was extended by court order, and the new deadline for filing amendments to the pleadings was set at August 19, 2001. *See* Def. Ex. 4. After this deadline had passed, Progressive sought and was granted leave to amend its complaint again. The Second Amended Complaint, which dropped some of the counts alleged, was filed on March 28, 2002. *See* Def. Ex. 3. The Second Amended Complaint alleges breach of contract, trademark, patent, and other claims, both state and federal, against Bradley.

Progressive now seeks leave to file a Third Amended Complaint, adding several of Bradley's corporate officers as defendants: Jim Fronheiser, President of Bradley, David

91

Fronheiser, a Vice-President with Bradley, and Dave Thomas, also a Vice-President with Bradley (collectively "Proposed Defendants"). *See* Pl. Motion at ¶ 1. Progressive asserts that it is seeking to add the Proposed Defendants based upon discoveries made during their depositions. *Id.*[1] The three depositions were taken on March 13-15, 2002. *See* Def. Br. at 2.

## ARGUMENTS

### I. Progressive's Motion

Progressive notes that corporate officers can be held liable under patent and trademark law. *See, e.g., Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408 (Fed. Cir. 1996) (patent); *Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 771 F. Supp. 1390 (D.C.N.J. 1991) (same); *Comm. For Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) (trademark); *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994) (same). They also note that Federal Rule of Civil Procedure 15 should be liberally construed and amendments should be generally allowed when justice requires, *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996), and that leave to amend should be granted unless there is a substantial reason to deny it. *Rudolph v. Arthur Anderson & Co.*, 800 F.2d 1040, 1042 (11th Cir. 1986). Progressive argues that, through discovery, it has learned that the Proposed Defendants willfully spearheaded Bradley's infringement of its intellectual property. *See* Pl. Motion at ¶¶ 1, 3. According to Progressive, the Proposed Defendants knew about the patents and trademarks, and actively sought to infringe upon them. Since Progressive did not learn about the Proposed Defendants' involvement until the depositions were taken and

---

[1] Progressive also served one-hundred and four subpoenas on third-party companies on July 23, 2002, July 24, 2002, and August 5, 2002. Progressive argues that the information in the depositions of the Proposed Defendants could be appreciated only after it received answers to these subpoenas.

interrogatories were answered, it argues, justice requires allowing it to amend the complaint a

third time.  Progressive also argues that no prejudice will result from another amendment,

because adding the Proposed Defendants will not require any new discovery.

## II. Bradley's Response

Bradley notes that under Federal Rule of Civil Procedure 16(b), good cause is required to

amend a complaint after a scheduling deadline had passed.  Good cause is required because

"[o]therwise, scheduling order deadlines would be meaningless and the good cause requirement .

. . would effectively be read out of the Federal Rules of Civil Procedure." *Sosa v. Airport Sys.,

Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).  Bradley points out that this motion was filed

fourteen months after the deadlines set by the court, and that Progressive did not cite Rule 16(b)

or offer any good cause for amending the complaint again.  The only reason given by

Progressive for the motion was new information gleaned from "transcripts and documents

recently provided."  However, Bradley notes that Progressive did not provide that information

for the court to evaluate, and the depositions of the Proposed Defendants relied upon by

Progressive were taken over seven months ago.[2]

Bradley also argues that even if Progressive had met the requirements of Rule 16(b), the

court should exercise its discretion and deny the motion.  Bradley agrees that there must be a

"substantial reason" to deny a motion to amend.  However, a substantial reason can include

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party . . .,

futility of the amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962).  According to

---

[2]Bradley also argues that other information relied upon by Progressive was obtained in an untimely manner.
*See* Def. Br. at 5 n. 6.

3

Bradley, these "substantial reasons" are all present.

First, Bradley notes that all of the information relied upon by Progressive was available to it months before this motion was filed. The depositions were taken seven months ago, and the third-party discovery relied upon by Progressive was sent out in late July/early August 2002. Progressive has had this information for several months, and even now only makes vague claims about what the information claims. According to Bradley, this constitutes undue delay. *See Jennings v. BIC Corp.*, 181 F.3d 1250, 1258-59 (11th Cir. 1999) (denying motion to amend when there was a five month delay and vague assertion of new information).

Second, Bradley argue, Progressive is acting with bad faith or with a dilatory motive in filing this motion. Bradley argues that Progressive filed this lawsuit to disrupt Bradley's business, *see* Def. Ex. 6 (discussion of deal in Korea), and supports this position by noting that some of Progressive's claims were blatantly frivolous. *See* Def. Br. at 9-10. Bradley also argues that Progressive has engaged in harassing discovery. *Id.* at 10. According to Bradley, this motion is simply the next phase of Progressive's overall campaign to disrupt its business.

Third, Bradley argues that the motion should be denied because it would be unduly prejudicial. Contrary to Progressive's assertion, Bradley asserts, adding the Proposed Defendants will require additional discovery, even though discovery in this case is set to close very soon. Bradley points to the proposed Third Amended Complaint to show that new substantive allegations have been made. *See, e.g.,* Def. Ex. 8 at ¶¶ 15(a), 34, 35. Bradley asserts that it would need time to conduct more discovery in order to refute these claims. As discovery is set to close soon, granting this motion would be unfairly prejudicial.

Finally, Bradley argues, the motion should be denied because the amendment would be

futile. First, it argues that the court does not have personal jurisdiction over the Proposed Defendants. *See* Def. Br. at 12-18.[3] Bradley also argues that venue is improper in the Northern District of Alabama. Under 28 U.S.C. § 1400(b), the statute governing specific venue for patent infringement, a patent infringement claim may be brought "in the judicial district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business." Under this standard, Bradley argues, venue is improper as to the patent claim. Moreover, under 28 U.S.C. § 1391(b), venue is proper (1) where any defendant resides, if all defendants reside in the same state, (2) where a substantial part of the events or omission occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action might otherwise be brought. Again, according to Bradley, under this standard, the Northern District of Alabama is an improper venue as to the Proposed Defendants.[4]

Third, Bradley argues that an amendment would be futile because Progressive has in essence failed to state a claim upon which relief can be granted. Bradley notes that the Federal Circuit has held that officers of a corporation cannot be held liable for patent infringement under 35 U.S.C. § 271(a) without evidence to justify piercing the corporate veil. *A. Stucki Co. v. Worthington*, 849 F.2d 593 (Fed. Cir. 1988). According to Bradley, Progressive has not alleged any facts that would justify piercing the corporate veil. And while 35 U.S.C. § 271(b) does not require piercing the corporate veil, there still must be "specific intent" on the part of the

---

[3]According to Bradley, for the court to have personal jurisdiction over a nonresident defendant, it must determine (1) whether it was foreseeable to the nonresident defendant that it would be sued in the state, and (2) the degree of contact that the nonresident defendant has with the state. *See Keelean v. Central Bank*, 544 So. 2d 153 (Ala. 1989). In its brief Bradley goes into great detail about how these factors cut in its favor.

[4]Bradley argues that the proper venue as to the Proposed Defendants would be the Middle District of Pennsylvania.

individual to induce the infringement. *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990). Bradley asserts that Progressive has not made such an allegation.

As for the trademark claims, Bradley argues that the cases finding individuals personally liable without piercing the corporate veil all involve "counterfeiting" a trademark. However, under the Lanham Act, counterfeiting requires that the original trademark be registered. *See* 15 U.S.C. § 1127. Here, none of Progressive's marks are registered. Bradley acknowledges that in *Yost*, cited by Progressive in its motion, the Ninth Circuit found the officers of a corporation liable in a non-counterfeiting trademark infringement case. However, Bradley argues, that case is not binding on this court and the facts are easily distinguishable, and that any trademark claims against the Proposed Defendants personally fail as a matter of law.

### III. Progressive's Reply

Progressive again notes that Rule 15 contemplates that leave to amend should be freely given. It also asserts that the federal rules strongly favor granting leave to amend. *See, e.g., Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co.*, 827 F.2d 1454, 1455 n.1 (11th Cir. 1987). Progressive argues that amendments hardly cause prejudice, because "the challenged conduct of [defendant] is essentially the same as that challenged in the initial pleadings." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981). According to Progressive, these amendments do not allege any substantial new sets of facts, but rather simply espouse new theories by which to hold the Proposed Defendants liable. Thus they would not be prejudicial.

Progressive admits that the depositions of the Proposed Defendants were taken seven months ago. However, they argue that they did not fully appreciate the impact of those

6

depositions until more recent discovery was obtained. *See, e.g.,* Pl. Reply Ex. 1 at ¶¶ 21-25; Pl. Reply Ex. 2 at ¶¶ 3-4 (discussing an October 4, 2002 meeting). "The fact that the moving party learned of the basis for its new allegations during discovery is a valid basis for delay in filing a motion to amend." *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 116 (D. Mass. 2001) (citation omitted).

Progressive also rejects Bradley's allegation of prejudice based on the need to conduct new discovery. A party claiming prejudice must substantiate the showing with a specific identification of the prejudice. *See Adams v. Gould, Inc.*, 739 F.2d 858, 869 (3d Cir. 1984). According to Progressive, Bradley identifies not witnesses that will have to be deposed or specify any other averment of prejudice. By contrast, Progressive argues that the new legal theories espoused in the proposed amendment can be established by the facts already discovered. Thus, no new discovery will in fact be required.

Third, Progressive asserts that it had no bad faith or dilatory motive in asserting its claims against Bradley or in seeking to amend the complaint a third time. It argues that its involvement in the Korean deal, *see* Def. Ex. 6 is simply normal business conduct that occurs all of the time. Also, rather than Progressive's withdrawing of claims being a sign of bad faith, courts have held that withdrawing a claim that is found to lack merit actually constitutes good faith. *See Dussouy*, 660 F.2d at 599. Progressive also notes that the discovery "dispute" referred to by Bradley resulted in Magistrate Judge Ott simply narrowing Progressive's requests, not denying them all together, thus showing that they had some merit.

Finally, Progressive argues that the proposed amendments would not be futile. First, it argues that this court does in fact have personal jurisdiction over the Proposed Defendants. It

points to several portions of the Proposed Defendant's depositions to show that they all had

visited Alabama to conduct business. *See* Pl. Reply Exs. O-Q; *see also* Ex. 1-A at ¶ 6

(discussing visit by David Fronheiser). The Proposed Defendants have conducted business with

other Alabama companies as well. *See* Pl. Reply Ex. 1 at ¶ 24; Ex. 1-G. Progressive also points

to correspondence and telephone conversations between itself and the Proposed Defendants. *See*

Pl. Reply Ex. 1 at ¶¶ 5-16; Exs. 1-B to 1-M. According to Progressive, this evidence makes a

*prima facie* showing of personal jurisdiction. *See S & Davis Int'l, Inc. v. The Republic of Yemen*,

218 F.3d 1292, 1303 (11th Cir. 2000) ("[W]hen a motion to dismiss for lack of jurisdiction is

decided on the basis of affidavits and other written materials, the plaintiff need only make a

prima facie showing.").

Progressive further argues that the two-part test for personal jurisdiction is actually

satisfied in this case. "First, the court must determine whether the applicable state statute [i.e.,

long-arm statute] governing personal jurisdiction is satisfied." *Future Tech. Today, Inc. v. OSF*

*Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (citations omitted).[5] The next step is to

determine (1) whether defendant has sufficient "minimum contacts" with the forum state, and (2)

whether the exercise of jurisdiction over the defendant would offend "traditional notions of fair

play and substantial justice." *Id.* at 1249 (quoting *Int'l Shoe v. Washington*, 326 U.S. 310

(1945)). Progressive then goes to great length to show why the evidence cited above meets the

test for establishing personal jurisdiction. *See* Pl. Reply Br. at 8-16.[6]

_____

[5]Alabama's long-arm statute is Alabama Rule of Civil Procedure 4.2(a). Rule 4.2(a) has been interpreted
to extend to the limits of federal due process. *Martin v. Robbins*, 628 So. 2d 614, 617 (Ala. 1993).

[6]Specifically, Progressive argues that the Proposed Defendants' contacts are "continuous and systemic"
enough to justify general personal jurisdiction over them. In the alternative, Progressive argues that specific
personal jurisdiction is appropriate because (1) the Proposed Defendants purposefully availed themselves of the

Progressive also argues that the amendment is not futile because the Proposed Defendants can be held personally liable under the theories espoused in the proposed amended complaint. As to the inducement of infringement claim, Progressive notes that it can prove specific intent through direct or circumstantial evidence. *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988). Progressive argues that the factual allegations in its proposed third amended complaint,, if true, would be evidence, direct and circumstantial, sufficient to support a finding of specific intent to induce infringement. *See* Pl. Motion Ex. A at ¶¶ 15, 57, 58.

As to the trademark infringement and unfair competition claims, Progressive again argues that an officer can be held liable without piercing the corporate veil. In *Babbit* and *Chanel*, both cited by Progressive in its motion, the plaintiffs alleged trademark infringement, unfair competition, false designation, and dilution claims, in addition to claims of trademark counterfeiting. *See Babbit*, 38 F.3d at 1178-82; *Chanel*, 931 F.2d at 1475 n.3. Thus, Progressive argues, it is proper to charge the Proposed Defendants with the alleged conduct.

## CONCLUSIONS OF THE COURT

Having considered all of the foregoing arguments and facts related thereto, the court concludes that Progressive's Motion for Leave to Amend should be denied. The Proposed Defendants were not parties during any of the extensive discovery period. It cannot be merely assumed that the interests of the Proposed Defendants are the same as Bradley's, or that the interests of each Proposed Defendant is the same as that of every other Proposed Defendant. The

---

privileges of conducting business in Alabama, and (2) it was reasonably foreseeable that the Proposed Defendants would be sued in Alabama. Thus, they have "minimum contacts" with Alabama. Progressive also argues that balancing the hardships shows that "traditional notions of fair play and substantial justice" would be satisfied.

9

amendment would open up three separate areas of purported <u>individual</u> liability plus issues of personal jurisdiction as to each Proposed Defendant.

The court is of the opinion that there is not good cause to depart from the scheduling deadlines. Progressive argues that no new discovery would be required - the court does not agree. Further, the court is of the opinion that there has been undue delay in seeking the amendment.

This _____ 30 _____ day of November, 2002.

                                      **ROBERT B. PROPST**
                          **SENIOR UNITED STATES DISTRICT JUDGE**

10